IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN KRASNER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CEDAR REALTY TRUST, INC., BRUCE J. SCHANZER, GREGG A. GONSALVES, ABRAHAM EISENSTAT, STEVEN G. ROGERS, SABRINA L. KANNER, DARCY D. MORRIS, RICHARD H. ROSS, SHARON STERN, and WHEELER REAL ESTATE INVESTMENT TRUST, INC.,<br><br>Defendants. | Case No: 2:22-cv-06945-DLI-JMW<br><br>Date of Service: December 14, 2022 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT**

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. THE PARTIES AND CLAIMS ...................................................................................... 1

III. THE THREE EXCEPTIONS TO CAFA JURISDICTION SET FORTH
IN 28 U.S.C. § 1332(d)(9) APPLY ................................................................................. 3

    A. The First Exception Applies ................................................................................ 4

    B. The Second Exception Applies ........................................................................... 5

    C. The Third Exception Applies .............................................................................. 7

IV. CONCLUSION ................................................................................................................ 8

## **TABLE OF AUTHORITIES**

**CASES**                                                                                                                    **PAGE(S)**

*In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*,
   757 F. Supp. 2d 260 (S.D.N.Y. 2010) ................................................................................ 2

*Becher v. Nw. Mut. Life Ins. Co.*,
   No. CV 10-6264 PSG (AGRx),
   2010 WL 5138910, 2010 U.S. Dist. LEXIS 135854 (C.D. Cal. Dec. 9, 2010) .................... 5-6

*BlackRock Fin. Mgmt. Inc. v. Segregated Account of AMBAC Assur. Corp.*,
   673 F.3d 169 (2d Cir. 2012) ............................................................................................ 1, 3, 5

*Brady v. Denton Cnty. Elec. Coop., Inc.*,
   No. 4:09-CV-130,
   2009 WL 3151177, 2009 U.S. Dist. LEXIS 89062 (E.D. Tex. Sept. 25, 2009) ....................... 6

*Estate of Pew v. Cardarelli*,
   527 F.3d 25 (2d Cir. 2008) ....................................................................................................... 4

*Fannin v. UMTH Land Dev. L.P.*,
   No. 16-641-SLR,
   2016 WL 7042078, 2016 U.S. Dist. LEXIS 166851 (D. Del. Dec. 2, 2016) ................... 5, 6, 7

*Greenwich Fin. Servs. Distressed Mortg. Fund 3 L.L.C. v. Countrywide Fin. Corp.*,
   603 F.3d 23 (2d Cir. 2010) ............................................................................................. passim

*Ind. State Dist. Council of Laborers & Hod Carriers Pension Fund v. Renal Care Grp., Inc.*,
   No. 3:05-0451, 2005 U.S. Dist. LEXIS 24210 (M.D. Tenn. Aug. 18, 2005) ........................... 7

*Kurz v. Fid. Mgmt. & Rsch. Co.*,
   No. 07-cv-592-JPG,
   2007 WL 2746612, 2007 U.S. Dist. LEXIS 68845 (S.D. Ill. Sept. 18, 2007) ......................... 7

*MHS Capital v. Goggin*,
   No. 16-cv-1794 (VM),
   2016 WL 3522198, 2016 U.S. Dist. LEXIS 81185 (S.D.N.Y. June 13, 2016) ......................... 8

*Rainero v. Archon Corp.*,
   844 F.3d 832 (9th Cir. 2016) .................................................................................................... 8

*Rubin v. Mercer Ins. Grp., Inc.*,
   No. 10-6816 (MLC),
   2011 WL 677466, 2011 U.S. Dist. LEXIS 15181 (D.N.J. Feb. 15, 2011) ......................... 4-5, 7

*Schartz v. O.B. Par.*,
   No. 16 C 10736,
   2016 WL 7231613, 2016 U.S. Dist. LEXIS 172458 (N.D. Ill. Dec. 14, 2016) ........................ 6

*Singh v. Prudential Ins. Co. of Am., Inc.*,
   200 F. Supp. 2d 193 (E.D.N.Y. 2002) ................................................................................8

*In re Textainer P'ship Sec. Litig.*,
   No. C 05-0969 MMC,
   2005 WL 1791559, 2005 U.S. Dist. LEXIS 26711 (N.D. Cal. July 27, 2005) .................... 5, 7

*Walker v. Bolt Tech. Corp.*,
   No. 3:14-cv-01438 (MPS),
   2014 WL 7404762, 2014 U.S. Dist. LEXIS 179793 (D. Conn. Nov. 3, 2014) ....................... 7

*Watkins v. Harlem Ctr. for Nursing & Rehab., L.L.C.*,
   No. 20 Civ. 2919 (KPF),
   2021 WL 4443968, 2021 U.S. Dist. LEXIS 185713 (S.D.N.Y. Sept. 28, 2021) ..................... 2

*Williams v. Bristol-Myers Squibb Co.*,
   No. 21-CV-9998 (JMF),
   2022 WL 4345564, 2022 U.S. Dist. LEXIS 168901 (S.D.N.Y. Sept. 19, 2022) ..................... 4

**STATUTES**

28 U.S.C. § 1332(d) ................................................................................................ *passim*

28 U.S.C. § 1447 ................................................................................................................ 1, 8

28 U.S.C. § 1453(d) ...............................................................................................................3

**RULES**

Fed. R. Evid. 201 ............................................................................................................ 2, 4

I.   **INTRODUCTION**

Pursuant to 28 U.S.C. § 1447(c),[1] Plaintiff Jonathan Krasner ("Plaintiff") moves for an order remanding this action to the Supreme Court of the State of New York, County of Nassau ("State Court"). Defendants improperly removed this action to federal court under 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA"). Notice of Removal, ECF No. 1, at p. 1-6. Removal under CAFA was improper because this action falls within the three exceptions to CAFA jurisdiction set forth in 28 U.S.C. § 1332(d)(9). Accordingly, the Court lacks subject matter jurisdiction, and this action must be remanded to the State Court. 28 U.S.C. § 1447(c).

II.  **THE PARTIES AND CLAIMS**

"The first step" in deciding this motion "is to determine what claims were asserted in the state court[.]" *BlackRock*, 673 F.3d at 177. Plaintiff filed the Class Action Complaint ("Complaint") (ECF No. 1-1) on behalf of himself and the holders of the Preferred Stock[2] of Cedar Realty Trust, Inc. ("Cedar" or the "Company") against (1) Cedar, Cedar's CEO Bruce J. Schanzer, and the members of Cedar's board of directors (collectively, the "Board" or "Individual Defendants") for breach of contract and breaches of fiduciary duties, and (2) Wheeler Real Estate Investment Trust, Inc. ("Wheeler", and, together with Cedar and the Board, the "Defendants") for tortiously interfering with Preferred Stockholders' contractual rights and aiding and abetting the Board's breaches of fiduciary duty. Put succinctly, the Complaint alleges that Defendants' actions deprived Preferred Stockholders of a Liquidation Preference and Conversion Right they were entitled to pursuant to the articles supplementary governing the

---

[1]   Removal to federal court under CAFA "is subject to the general remand statute, 28 U.S.C. § 1447." *BlackRock Fin. Mgmt. Inc. v. Segregated Account of AMBAC Assurance Corp.*, 673 F.3d 169, 175 (2d Cir. 2012).
[2]   All capitalized terms not defined herein have the same meaning set forth in the Complaint, and all emphasis has been added unless noted otherwise.

1

terms of their Cedar Preferred Stock ("Articles Supplementary").[3] The Articles Supplementary is a document that defines the rights of Preferred Stockholders.

Plaintiff, a citizen of Maryland, was and has been at all relevant times, an owner of the Series C Preferred Stock of Cedar. Complaint, ¶ 18. Defendant Cedar is and has been at all relevant times a publicly traded Maryland corporation with its principal executive office located in Nassau County, New York. Complaint, ¶ 27; Schedule 14A Definitive Proxy Statement of Cedar Realty Trust, Inc. Relating to Merger or Acquisition ("Proxy") (April 21, 2022), Monteverde Decl. Exhibit B, at 1.[4] The Preferred Shares held by Plaintiff and the putative Class and the common stock that was sold to Wheeler in the Wheeler Merger are or were listed on the New York Stock Exchange at all relevant times. Proxy at 8, 14, 70.

The Complaint contains four counts. Complaint at p. 46-49. Count I asserts a claim against Cedar and the Board for breach of contract (*i.e.*, breaching the terms of the Articles Supplementary) under Maryland law. *Id*. Count II asserts a claim against the Board for breaches of fiduciary duties under Maryland law. *Id*. Count III asserts a claim against Wheeler for tortious inference with contractual rights (*i.e.*, Preferred Stockholders' rights under the Articles

---

[3] The Articles Supplementary were not filed with the Complaint, and are attached as Exhibit A to the Declaration of Juan E. Monteverde ("Monteverde Decl.") filed herewith. The Articles Supplementary are also publicly available at:
https://www.sec.gov/Archives/edgar/data/761648/000119312517262301/d445825dex32.htm

The Court may consider the Articles Supplementary pursuant to Fed. R. Evid. 201(b)(2) and the incorporation by reference doctrine. *See, e.g., In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*, 757 F. Supp. 2d 260, 336 n.18 (S.D.N.Y. 2010) (taking judicial notice of contents of certificate of incorporation); *Watkins v. Harlem Ctr. for Nursing & Rehab., LLC*, No. 20 Civ. 2919 (KPF), 2021 WL 4443968, 2021 U.S. Dist. LEXIS 185713, at *2 n.1 (S.D.N.Y. Sept. 28, 2021) (court may consider documents incorporated by reference and documents integral to the complaint, and these doctrines usually involve contracts or legal documents containing terms upon which the plaintiff's complaint is based).

[4] The Proxy is also available at:
https://www.sec.gov/Archives/edgar/data/761648/000119312522113224/d328333ddefm14a.htm

2

Supplementary) under Maryland law. *Id*. And Count IV asserts a claim against Wheeler for aiding and abetting the Board's breaches of fiduciary duties under Maryland law. *Id*. As set forth below, each claim falls within at least one if not all three exceptions to CAFA jurisdiction set forth in 28 U.S.C. § 1332(d)(9).

**III.    THE THREE EXCEPTIONS TO CAFA JURISDICTION SET FORTH IN 28 U.S.C. § 1332(d)(9) APPLY**

28 U.S.C. § 1332(d)(9) contains the following three exceptions to CAFA jurisdiction:

> **(9)** Paragraph (2) shall not apply to any class action that solely involves a claim—
> **(A)** concerning a covered security as defined under 16(f)(3) of the Securities Act of 1933 (15 U.S.C. 78p(f)(3) [2]) and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb(f)(5)(E));
> **(B)** that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized; or
> **(C)** that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1)) and the regulations issued thereunder).[5]

These exceptions must be construed consistent with their broad language. As the Second Circuit has held, "**Section[] 1332(d)(9)(A)…exempt[s] from CAFA jurisdiction any claim '*concerning* a covered security,' while § 1332(d)(9)(B) and (C)…use the equally broad phrase 'relates to.' If Congress had intended these provisions to apply only to class actions that involve no legal issues extraneous to the primary claim, they would have used language that was more clearly limiting**." *Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 31 (2d Cir. 2010) (italics in original). As set forth below,

---

[5]  "This wording appears twice in CAFA, once [in 28 U.S.C. § 1453(d)] as an exception to [] appellate jurisdiction, and once as an exception to the district courts' original jurisdiction[.]" *BlackRock*, 673 F.3d at 176. The "provisions work in tandem and are given the same meaning." *Id*.

3

this putative class action solely involves claims that all fall into at least one of the three categories of exceptions to CAFA jurisdiction.

A. **The First Exception Applies**

All four claims fall under the first exception set forth in § 1332(d)(9)(A), which applies to claims "concerning a covered security[.]" "Covered securities" are "securities that are traded nationally or listed on a regulated national exchange." *Estate of Pew v. Cardarelli*, 527 F.3d 25, 34 (2d Cir. 2008) (Pooler, J., dissenting). *Williams v. Bristol-Myers Squibb Co.*, No. 21-CV-9998 (JMF), 2022 WL 4345564, 2022 U.S. Dist. LEXIS 168901, at *3 (S.D.N.Y. Sept. 19, 2022) (same). The four claims *concern* "covered securities", as both the Preferred Shares held by Plaintiff and the putative Class and the common stock that was sold to Wheeler in the Wheeler Merger are or were listed on the New York Stock Exchange. Proxy at 8, 14, 70.[6] As the U.S. District Court for the District of New Jersey explained, citing to the Second Circuit's opinion in *Greenwich*, it is "fair to say that the Complaint 'solely involves a claim concerning a covered security'" because the stock "held by Plaintiff and the putative class is the *lynchpin* for" all four claims, including "both the breach of fiduciary duty and aiding and abetting breach of fiduciary duty claims." *Rubin v. Mercer Ins. Grp., Inc.*, No. 10-6816 (MLC), 2011 WL 677466, 2011 U.S.

---

[6] The Preferred Stock was and remains listed on the New York Stock Exchange under the trading symbols "CDR-PB" and "CDR-PC". Form 8-K of Cedar Realty Trust, Inc. (Nov. 9, 2022) (most recent SEC filing showing the title of the Preferred Stock, the trading symbols, and the name of the exchange on which it is registered), Monteverde Decl. Exhibit C. Available at https://www.sec.gov/ix?doc=/Archives/edgar/data/0000761648/000095017022023545/cdr-20221108.htm ; *see also* Yahoo Finance, Cedar Realty Trust, Inc. (CDR-PB), https://finance.yahoo.com/quote/CDR-PB?p=CDR-PB and Yahoo Finance, Cedar Realty Trust, Inc. (CDR-PC), https://finance.yahoo.com/quote/CDR-PC?p=CDR-PC&tsrc=fin-srch . Cedar common stock was listed on the New York Stock Exchange until the completion of the Transactions. Proxy at 14. The Court may take judicial notice of these facts pursuant to Fed. R. Evid. 201(b).

Dist. LEXIS 15181, at *8-9 (D.N.J. Feb. 15, 2011) (citing *Greenwich*, 603 F.3d at 31-32).[7] Here, "Plaintiff alleges no claims not relating to the" Preferred Stock and Cedar common stock, "such that the entire action falls within Section 1332(d)(9)(A)." *Id*. at *9.

### B.      The Second Exception Applies

All four claims also fit within the second exception set forth in § 1332(d)(9)(B), as they (i) "*relate*[] to the internal affairs or governance of a corporation or other form of business enterprise and" (ii) "[] arise[] under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized." *Id*. All four claims "arise under or by virtue of the laws of" Maryland, the State in which Cedar is incorporated and organized. Complaint at ¶ 27, p. 46-49; Proxy at 1, 20. Moreover, all four claims *relate* to the internal affairs or governance of Cedar. Claims relate to a corporation's "internal affairs" if they relate to "matters peculiar to the relationships among or between the corporation and its current officials, directors, and shareholders[.]" *In re Textainer P'ship Sec. Litig.*, No. C 05-0969 MMC, 2005 WL 1791559, 2005 U.S. Dist. LEXIS 26711, at *17 (N.D. Cal. July 27, 2005) (interpreting this CAFA exception); *Fannin v. UMTH Land Dev. L.P.*, No. 16-641-SLR, 2016 WL 7042078, 2016 U.S. Dist. LEXIS 166851, at *11 (D. Del. Dec. 2, 2016) (same).

In *Fannin*, the U.S. District Court for the District of Delaware held that claims for breach of fiduciary duty, aiding and abetting, and breach of contract all fell within § 1332(d)(9)(B)'s ambit because "*the source of the rights* that [the] plaintiffs' claims" sought "to enforce" was either the "corporate law" of the state where the pertinent business enterprise was organized "or the Partnership Agreement" that defined the parties' rights and duties. *Id*. at *11-12. Similarly, in *Becher v. Nw. Mut. Life Ins. Co.*, No. CV 10-6264 PSG (AGRx), 2010 WL 5138910, 2010 U.S.

---

[7] The Second Circuit favorably cited to *Rubin* in *BlackRock*. 673 F.3d at 179.

5

Dist. LEXIS 135854 (C.D. Cal. Dec. 9, 2010), the court found the internal affairs exception applicable to claims for breach of contract and breach of fiduciary duty predicated on the defendant's alleged deceptive actions meant to deny the plaintiffs dividends they were entitled to. *Id*. at *10-14; *see also Brady v. Denton Cty. Elec. Coop., Inc.*, No. 4:09-CV-130, 2009 WL 3151177, 2009 U.S. Dist. LEXIS 89062, at *4, *15-16 (E.D. Tex. Sept. 25, 2009) (internal affairs exception covered claims for "breach of fiduciary duties, breach of contract, conversion, and improper use of Plaintiffs' property" because the claims "necessarily turn[ed] on questions which 'relate to' the internal affairs of the corporation and 'arise under' the laws" of the state where the entity was formed); *Schartz v. O.B. Par.*, No. 16 C 10736, 2016 WL 7231613, 2016 U.S. Dist. LEXIS 172458, at *5-13 (N.D. Ill. Dec. 14, 2016) (claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and unjust enrichment arising from a merger fell within the internal affairs exception to CAFA).

Similar to the above-referenced cases, here Plaintiff asserts primary claims for breach of contract (*i.e.*, breaching the Articles Supplementary) and breach of fiduciary duty along with ancillary claims for tortious interference with Plaintiffs' contractual rights under the Articles Supplementary and aiding and abetting the breaches of fiduciary duty. All four claims *relate* to the deprivation of Preferred Stockholders' Liquidation Preference and Conversion Right, an internal affair. Indeed, as the Second Cricut has held, the "broad phrase 'relates to'" makes clear that Congress did *not* intend the provision "to apply only to class actions that involve no legal issues extraneous to the primary claim[.]" *Greenwich*, 603 F.3d at 31; *Fannin*, 2016 U.S. Dist. LEXIS 166851, at *7 ("Although plaintiffs must establish that their action 'solely involves' claims within the statutory exceptions, the language of such exceptions is 'expansive through use

6

of the broad phrase 'relates to.' Therefore, the phrase 'solely involves' cannot be stretched so far as to limit the exception in §[] 1332(d)(9)…to class actions that raise no collateral issues[.]").

### C.     The Third Exception Applies

All four claims also fall within § 1332(d)(9)(C)'s exception, as they all "*relate[] to* the rights, duties (including fiduciary duties), and obligations *relating to* or created by or pursuant to any security[.]" *Id*. The breach of fiduciary duty and aiding and abetting breach of fiduciary duty claims plainly fall within this exception. *E.g.*, *Walker v. Bolt Tech. Corp.*, No. 3:14-cv-01406 (MPS), 2014 WL 7404762, 2014 U.S. Dist. LEXIS 179793, at *17 n.3 (D. Conn. Nov. 3, 2014) (breach of fiduciary duty claim and aiding and abetting breach of fiduciary duty claim arising from merger "certainly fall within" the exception); *Rubin*, 2011 U.S. Dist. LEXIS 15181, at *10 (same); *Fannin*, 2016 U.S. Dist. LEXIS 166851, at *12 (same); *Ind. State Dist. Council of Laborers & Hod Carriers Pension Fund v. Renal Care Grp., Inc.*, No. 3:05-0451, 2005 U.S. Dist. LEXIS 24210, at *3-4 (M.D. Tenn. Aug. 18, 2005) (breach of fiduciary duty claim arising in connection with merger fell within exception); *Textainer*, 2005 U.S. Dist. LEXIS 26711, at *22-25 (same); *Kurz v. Fid. Mgmt. & Research Co.*, No. 07-cv-592-JPG, 2007 WL 2746612, 2007 U.S. Dist. LEXIS 68845, at *12 (S.D. Ill. Sep. 18, 2007) (breach of fiduciary duty claim fell within exception, collecting cases so holding).

Moreover, the breach of contract and tortious interference claims certainly relate to the rights, duties/fiduciary duties, and obligations that relate to or were created by or pursuant to Cedar securities. *See Greenwich*, 603 F.3d at 31; *Fannin*, 2016 U.S. Dist. LEXIS 166851 at *7. Indeed, in *Greenwich* the Second Circuit held that this exception applies to "'suits that seek to enforce the terms of instruments' that create or define securities[.]" 603 F.3d at 31. Similarly, the Ninth Circuit—relying on the above-referenced Second Circuit precedent—found that this

7

exception applied in a case asserting a claim for breach of a contract (a Certificate of Designation), reasoning that, "[b]ecause [plaintiff's] claim seeks to enforce the terms of the Certificate, which set forth the rights, duties, and obligations relating to the preferred stock, § 1332(d)(9)(C) divests the federal courts of jurisdiction under § 1332(d)(2)." *Rainero v. Archon Corp.*, 844 F.3d 832, 839 (9th Cir. 2016).

* * *

In sum, this putative class action solely involves claims that fall within all three exceptions to CAFA jurisdiction set forth in 28 U.S.C. § 1332(d)(9). Accordingly, Defendants removal under CAFA was improper, and the Court must remand this action to the State Court. *Id*. (stating the grant of CAFA jurisdiction "*shall not apply* to any class action that solely involves" any of the three exceptions); *Greenwich*, 603 F.3d at 27 (explaining the section provides "three exceptions to CAFA's grant of original federal diversity jurisdiction"); 28 U.S.C. § 1447(c) (the "case *shall be remanded*" if "the district court lacks subject matter jurisdiction").

Moreover, in the event the Court finds that some but not all four of the asserted claims fall within CAFA's exceptions, Plaintiff reserves the right to drop such claims and thereby "destroy" federal subject matter jurisdiction, which would require the action to be remanded. *See, e.g., Singh v. Prudential Ins. Co. of Am., Inc.*, 200 F. Supp. 2d 193, 198-200 (E.D.N.Y. 2002); *MHS Capital v. Goggin*, No. 16-cv-1794 (VM), 2016 WL 3522198, 2016 U.S. Dist. LEXIS 81185, at *12 (S.D.N.Y. June 13, 2016).

## IV. CONCLUSION

For the foregoing reasons, this Court lacks jurisdiction under CAFA. Accordingly, the case must be remanded to the State Court.

Dated: December 14, 2022

**OF COUNSEL**
**KAHN SWICK & FOTI LLC**
Michael J. Palestina
Brian C. Mears
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
T: (504) 455-1400
F: (504) 455-1498
Email: michael.palestina@ksfcounsel.com
brian.mears@ksfcounsel.com

*Attorneys for Plaintiff*

Respectfully submitted,

**MONTEVERDE & ASSOCIATES PC**

  */s/ Juan E. Monteverde*
 Juan E. Monteverde
 Miles D. Schreiner
 The Empire State Building
 350 Fifth Avenue, Suite 4405
 New York, NY 10118
 Tel:(212) 971-1341
 Fax:(212) 202-7880
 Email: jmonteverde@monteverdelaw.com
   mschreiner@monteverdelaw.com

*Attorneys for Plaintiff*