UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JONATHAN KRASNER, *individually and on behalf of all others similarly situated*,

                            Plaintiff,

                      -against-

CEDAR REALTY TRUST, INC., WHEELER REAL ESTATE INVESTMENT TRUST, INC., BRUCE J. SCHANZER, GREGG A. GONSALVES, ABE EISENSTAT, STEVEN G. ROGERS, SABRINA KANNER, DARCY D. MORRIS, RICHARD H. ROSS, and SHARON STERN,

                            Defendants.

**MEMORANDUM AND ORDER
OF REMAND
22-cv-06945(DLI)(JMW)**

-------------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

On October 14, 2022, Jonathan Krasner ("Plaintiff"), on behalf of himself and others similarly situated as preferred stockholders of Cedar Realty Trust, Inc. ("Cedar"), filed a complaint in New York State Supreme Court, Nassau County ("state court"), alleging Maryland state law claims for breach of contract, breach of fiduciary duty, tortious interference, and aiding and abetting breach of fiduciary duty in connection with Cedar selling property, merging with Wheeler Real Estate Investment Trust, Inc. ("Wheeler"), and interfering with preferred stockholders' rights. *See*, Complaint ("Compl."), Dkt. Entry No. 1-1 at ¶¶ 1-2, 4-7, 12-15, 38, 40-42, 54-55, 58-59, 78-80, 86-87, 91-109, 111-113, 115-116, 121-145. Plaintiff brings this action against Cedar, Wheeler, and Cedar's former directors, Bruce J. Schanzer ("Schanzer"), Gregg A. Gonsalves ("Gonsalves"), Abe Eisenstat ("Eisenstat"), Steven G. Rogers ("Rogers"), Sabrina Kanner ("Kanner"), Darcy D. Morris ("Morris"), Richard H. Ross ("Ross"), and Sharon Stern ("Stern") (collectively, "Defendants"). *Id*. at ¶¶ 19-27.

On November 14, 2022, Defendants removed the state court action to this Court invoking its diversity jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 119 Stat. 4, which amended the diversity jurisdiction of federal courts for class action under 28 U.S.C. § 1332(d)(2). *See*, Notice of Removal ("Notice"), Dkt. Entry No. 1 at ¶¶ 1, 4. On December 14, 2022, Plaintiff moved to remand this case back to state court alleging that this action falls within CAFA's exceptions. *See*, Pl.'s Mot. to Remand ("Pl.'s Mem."), Dkt. Entry No. 15. On December 28, 2022, Defendants opposed Plaintiff's motion to remand alleging that CAFA's exceptions do apply. *See*, Defs.' Mem. of Law in Opp. to Remand ("Defs.' Opp."), Dkt. Entry No. 17. On January 4, 2023, Plaintiff replied. *See*, Pl.'s Reply, Dkt. Entry No. 18. For the reasons set forth below, Plaintiff's motion for remand is granted and this case is remanded to state court for further proceedings.

## DISCUSSION

"It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). CAFA amended federal courts' diversity jurisdiction under 28 U.S.C. § 1332 to allow class actions originally filed in state court to be removed to federal court, if the action conforms with certain requirements. *Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 26 (2d Cir. 2010) (citations omitted); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006). It is well established within the Second Circuit that removal statutes are construed strictly and narrowly, "resolv[ing] any doubts against removability," and this strict construction applies to CAFA. *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150-51 (2d Cir. 2021); *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 220 (2d Cir. 2013) (applying this standard to CAFA).

To invoke this Court's limited jurisdiction under CAFA, the class action must involve: (1) 100 or more class members; (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs; and (3) minimal diversity, *i.e.*, where at least one plaintiff and one defendant are citizens of different states. *Blockbuster, Inc.*, 472 F.3d at 56 (citing 28 U.S.C. §§ 1332(d)(2), (5)(b), (6)). "The defendant[s] bear[] the burden of establishing federal subject matter jurisdiction by showing that there is a reasonable probability that each of the jurisdictional prerequisites is satisfied." *Wurtz v. Rawlings Co., LLC*, 761 F.3d 232, 239 (2d Cir. 2014) (internal quotation marks and citation omitted). Once the removing party has established that CAFA's jurisdictional prerequisites have been satisfied, the burden shifts to the party opposing removal to show that the action falls within CAFA's exceptions. *Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC*, 603 F.3d at 26.

District courts in this Circuit must evaluate whether subject matter jurisdiction exists, even when the parties stipulate that the jurisdictional requirements have been met. *See, Cnty. of Nassau, N.Y. v. Hotels.com, LP*, 577 F.3d 89, 92 (2d Cir. 2009) (citing *Durant, Nichols, Houston, Hodgson, & Cortese–Costa, P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte*.")). Here, Plaintiff does not challenge whether Defendants have satisfied CAFA's jurisdictional prerequisites. Instead, the parties dispute whether CAFA's exceptions warrant remand. *See*, Pl.'s Mem. at 7-12; *See also*, Defs.' Opp. at 8-14. While the parties effectively agree that this Court has subject matter jurisdiction, the Court finds it does not because Defendants fail to establish by a reasonable probability that there are 100 or more putative class members.

### I. Putative Class Membership – Numerosity

As an initial matter, Defendants contend that there are at least 100 putative class members because there are "approximately 6,450,000 shares of Cedar's Preferred Stock outstanding" which "Plaintiff alleges in his amended complaint are 'held by hundreds or thousands of individuals and entities dispersed across the country.'" Notice at ¶ 7 (quoting Compl. ¶ 126).[1] Jurisdictional facts, such as the numerosity requirement, "are evaluated on the basis of the pleadings 'viewed at the time when [the] defendant files the notice of removal.'" *L. Offs. of K.C. Okoli, P.C. v. BNB Bank, N.A.*, 481 F. App'x 622, 625 (2d Cir. 2012) (finding that, even when a Notice is facially deficient, the numerosity requirement can be satisfied through the pleading). However, nowhere in paragraph 126, let alone anywhere else in the Complaint, does Plaintiff allege that preferred stocks are "held by hundreds or thousands of individuals and entities[.]"

In relevant part, paragraph 126 alleges that "there were approximately 6,450,000 shares of Cedar Preferred Stock issued and outstanding, which were held by individuals and entities dispersed across the country." Compl. ¶ 126. Accordingly, the Court is left to speculate about how many individuals and entities are preferred stockholders, which the Court may not do. *See*, *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) ("The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there *until cause is shown for its transfer* under some act of Congress.") (emphasis added); *Cf, DiTolla v. Doral Dental IPA of New York*, 469 F.3d 271, 277 (2d Cir. 2006) ("We cannot say beyond mere speculation, however, whether those damages, if they are awarded, would be more than $5 million. Doral Dental has thus failed to demonstrate that the claim here satisfies CAFA's jurisdictional amount in controversy."); *See also*, *Spread Enterprises, Inc. v. First Data Merch. Servs. Corp.*, 298 F.R.D.

---

[1] Contrary to Defendants' contention, there is no amended complaint. Defendants affirm in their Notice that they filed all requisite documents pursuant 28 U.S.C. § 1446(a) and did not provide an amended complaint. *Id*. at ¶ 15.

54, 67 (E.D.N.Y. 2014) (finding that, while evidence of exact size or identity of class members is not required, "pure speculation or bare allegations" are insufficient to satisfy numerosity for class actions.).

The Complaint also alleges that the putative class is "so numerous that joinder of all members is impracticable." Compl. ¶ 126. However, Plaintiff filed this action in state court where the jurisdictional threshold needed to satisfy the numerosity requirement is less than in federal court. *Compare*, *Borden v. 400 E. 55th St. Assocs., L.P.*, 24 N.Y.3d 382, 399 (2014) (holding that the New York State legislature set the threshold amount for numerosity to at least eighteen members) *with*, *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (finding that the numerosity requirement is presumed and joinder is impractical when there are at least forty members in the proposed class). This allegation also is insufficient to demonstrate numerosity because the Court is left to speculate whether there are 100 or more putative class members as required by CAFA.

Notably, Defendants were under no obligation to remove the state court action to this Court within thirty days of service pursuant to 28 U.S.C. § 1446(b) since the Complaint does allege an amount of putative class members. The Second Circuit has made clear that "in CAFA cases, the removal clocks of 28 U.S.C. § 1446(b) are not triggered until the plaintiff serves the defendant[s] with an initial pleading or other document" that explicitly conveys the jurisdictional prerequisites. *Cutrone v. Mortg. Elec. Registraiton Sys., Inc.*, 749 F.3d 137, 145, 147 (2d Cir. 2014). Thus, instead of prematurely removing this case to federal court, Defendants could and should have waited until they received "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Accordingly, as Defendants fail to satisfy the jurisdictional numerosity

prerequisite of 100 or more putative class members, the Court lacks subject matter jurisdiction and remand to state court is proper.

Finally, it is well established within the Second Circuit that the "plaintiff is the master of his complaint and is free to avoid federal jurisdiction by 'pleading only state claims even where a federal claim is also available.'" *Romano v. Kazacos*, 609 F.3d 512, 518 (2d Cir. 2010) (quoting *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998)). Notably, the artful pleading doctrine does not apply here because the central issues do not involve federal law but rather the application of Maryland law. *See, NASDAQ OMX Grp., Inc. v. UBS Sec., LLC*, 770 F.3d 1010, 1019 (2d Cir. 2014).

While Congress passed CAFA to expand federal jurisdiction over class actions "of national importance," Plaintiff's claims appear to fall within the broad exceptions to this Court's jurisdiction under CAFA. *See*, 28 U.S.C. 1332(d)(9)(A)-(C) ("concerning a covered security"; "relates to the internal affairs or governance of a corporation"; or "relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security"); *See also*, *Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC*, 603 F.3d at 31 ("If Congress had intended these provisions to apply only to class actions that involve no legal issues extraneous to the primary claim, they would have used language that was more clearly limiting.") (emphasis added). Accordingly, for this reason as well, remand is proper. *Id.*; *See also*, *BlackRock Fin. Mgmt. Inc. v. Segregated Account of AMBAC Assurance Corp.*, 673 F.3d 169, 179 (2d Cir. 2012); *Estate of Pew v. Cardarelli*, 527 F.3d 25, 27, 33 (2d Cir. 2008) (finding that § 1332(d)(9)(C) "appl[ies] … to suits that seek to enforce the terms of instruments that create and define securities, and to duties imposed on persons who administer securities" under state law).

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand this case to state court is granted. This matter is remanded to New York State Supreme Court, Nassau County, under Index No. 613985/2022, for further proceedings.

SO ORDERED.

Dated: Brooklyn, New York
       April 24, 2023

/s/
DORA L. IRIZARRY
United States District Judge